# **EXHIBIT A**

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Essex |
|---|---|---|
| PLAINTIFF(S) Stella M. Nascimento | | DEFENDANT(S) WMC Mortgage Corp., Wells Fargo Bank, N.A., and Prysma Lending Group |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Riccardo L. Rullo Law Offices of Frank N. Dardeno, LLP 424 Broadway, Somerville, MA 02145; 617-666-2600 Board of Bar Overseers number: 667955 | | ATTORNEY (If known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A 99 | Breach of Contract | ( F ) | ( X ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................... $............
2. Total Doctor expenses ............................................... $............
3. Total chiropractic expenses .......................................... $............
4. Total physical therapy expenses ..................................... $............
5. Total other expenses (describe) ..................................... $............
    Subtotal $............
B. Documented lost wages and compensation to date ..................... $............
C. Documented property damages to date ................................ $............
D. Reasonably anticipated future medical and hospital expenses ........ $............
E. Reasonably anticipated lost wages .................................. $............
F. Other documented items of damages (describe)
    $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

    $............
    TOTAL $............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): The Defendants are the providers and brokers of a Residential Loan to the Plaintiff. The Defendants engaged in a series of unfair and deceptive practices in providing the subject loan and later, in the collection of said loan. The Complaint alleges inter alia, Breach of Contract, Negligence, Violation of the Fair Debt Collections Practices Ac and M.G.L. c. 93A Unfair and Deceptive Business Practices.
TOTAL $ 350,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules o Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected disput resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _RLRullo_    DATE: 7/8/09

AOTC-6 mtc005-11/99

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**
- A01 Services, labor and materials (F)
- A02 Goods sold and delivered (F)
- A03 Commercial Paper (F)
- A08 Sale or lease of real estate (F)
- A12 Construction Dispute (A)
- A99 Other (Specify) (F)

**TORT**
- B03 Motor Vehicle negligence- personal injury/property damage (F)
- B04 Other negligence-personal injury/property damage (F)
- B05 Products Liability (A)
- B06 Malpractice-medical (A)
- B07 Malpractice-other(Specify) (A)
- B08 Wrongful death,G.L.c.229,s2A (A)
- B15 Defamation (Libel-Slander) (A)
- B19 Asbestos (A)
- B20 Personal Injury-Slip&Fall (F)
- B21 Environmental (A)
- B22 Employment Discrimination (F)
- B99 Other (Specify) (F)

**REAL PROPERTY**
- C01 Land taking (eminent domain) (F)
- C02 Zoning Appeal, G.L. c.40A (F)
- C03 Dispute concerning title (F)
- C04 Foreclosure of mortgage (X)
- C05 Condominium lien and charges (X)
- C99 Other (Specify) (F)

**EQUITABLE REMEDIES**
- D01 Specific performance of contract (A)
- D02 Reach and Apply (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of Trust (A)
- D08 Minority Stockholder's Suit (A)
- D10 Accounting (A)
- D12 Dissolution of Partnership (F)
- D13 Declaratory Judgment G.L.c.231A (A)
- D99 Other (Specify) (F)

**MISCELLANEOUS**
- E02 Appeal from administrative Agency, G.L. c. 30A (X)
- E03 Action against Commonwealth Municipality, G.L. c.258 (A)
- E05 All Arbitration (X)
- E07 c.112,s.12S (Mary Moe) (X)
- E08 Appointment of Receiver (X)
- E09 General contractor bond, G.L. c.149,s.29,29a (A)
- E11 Workman's Compensation (X)
- E14 Chapter 123A Petition-SDP (X)
- E15 Abuse Petition, G.L.c.209A (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act; G.L.c.12,s.11H (A)
- E18 Foreign Discovery proceeding (X)
- E96 Prisoner Cases (F)
- E97 Prisoner Habeas Corpus (X)
- E99 Other (Specify) (X)

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.
SUPERIOR COURT
DOCKET NO.:

STELLA M. NASCIMENTO, )
    PLAINTIFF )
)
V. )
)
WMC MORTGAGE CORP., WELLS FARGO, )
BANK, N.A. AND PRYSMA LENDING GROUP, )
    DEFENDANTS )

### VERIFIED COMPLAINT OF THE PLAINTIFF

#### I.

#### THE PARTIES

1. The Plaintiff, STELLA M. NASCIMENTO, is an individual now or formerly of 29 Stevens Street, in Andover, County of Essex, Commonwealth of Massachusetts 01810 (hereinafter sometimes referred to simply as "NASCIMENTO").

2. The Defendant, WMC MORTGAGE CORP., is a foreign corporation duly organized and existing under the laws of the State of California, now having, or formerly having, a principal place of business at 3100 Thornton Avenue, in Burbank, California 91504, with a registered agent located at 84 State Street, in Boston, County of Suffolk, Commonwealth of Massachusetts 02110.

3. The Defendant, WELLS FARGO, N.A. is a banking institution having a place of business in Massachusetts at 300 Commercial Street, Suite No. 1, in Boston, County of Suffolk, Commonwealth of Massachusetts 02109.

4. The Defendant, PRYSMA LENDING GROUP, is a mortgage broker a having a place of business at 10 Presidents Landing, in Medford, County of Middlesex, Commonwealth of Massachusetts 02155.

#### FACTUAL BACKGROUND

5. In or about May of 2006, NASCIMENTO located a real property in Andover, Massachusetts to be used a primary residence for both her and her family. Said property is known as 29 Stevens Street, in Andover, County of Essex, Commonwealth of Massachusetts 01810 (hereinafter sometimes referred to simply as the "Subject Property").

6. In or about May of 2006, NASCIMENTO convened with an agent of the Defendant, PRYSMA LENDING GROUP, at their office located at 10 Presidents Landing, in Medford, County of Middlesex, Commonwealth of Massachusetts 02155.

7. Said agent, who at all times presented himself as Romulo, represented that he was a mortgage broker for the Defendant, PRYSMA LENDING GROUP.

8. NASCIMENTO informed Romulo that she wanted to purchase the Subject Property and would like to secure funding for said purchase.

9. PRYSMA LENDING GROUP convinced NASCIMENTO that she could purchase the subject property.

10. NASCIMENTO specifically asked Romulo how he was going to obtain the funding. Romulo stated that he *"would take care of it, if you want the house I will make it happen and will take care of the rest.*

11. NASCIMENTO and her husband's combined gross income in 2006 was $15,210.00.  A true and accurate copy of the cover page of the Income Tax Return for 2007 is attached hereto as Exhibit "A."

12. NASCIMENTO, who was born in 1981, was raised in Brazil, and subsequently moved to the United States in 1997; placed her full faith and trust with Romulo and PRYSMA LENDING GROUP.

13. Shortly after the aforesaid meetings occurred, Romulo contacted NASCIMENTO and informed her that he secured the proper funding.

14. At no point has NASCIMENTO ever received any documentation from Romulo or from PRYSMA LENDING GROUP.

15. On or about June 29, 2006, NASCIMENTO purchased the Subject Property, with the assistance of loans from Defendant, WMC MORTGAGE CORP., that was brokered through PRYSMA LENDING GROUP.

16. In originating the loans with the Plaintiff, PRYSMA LENDING GROUP made all communications with WMC MORTGAGE CORP. to request a selected product and provide the Plaintiff's loan application and credit report. When this loan was approved by WMC MORTGAGE CORP. and proceeded to closing, PRYSMA LENDING GROUP received a broker's fee.

17. The subject loan had an adjustable rate, which bore a fixed interest rate for the first two years and then would adjust to a considerably higher variable rate.

18. Instead of a down payment, WMC MORTGAGE CORP. would finance the full value of the property, resulting in a loan-to-value ratio approaching one hundred

percent. This was accomplished the provision of a first mortgage providing eighty percent financing and an additional loan providing twenty percent.

19. Moreover, the Plaintiff's debt to income ratio exceeded fifty percent.

20. In originating loans with the terms that in combination would lead predictably to the consequence of the borrowers' default and foreclosure are within established concepts of unfairness.

21. OCC Advisory Letter, Guidelines for National Banks to Guard Against Predatory and Abusive Lending Practices, AL 2003-2 at 2 (Feb. 21, 2003), states the following:

    a. "When a loan has been made based on the foreclosure value of the collateral, rather than on a determination that the borrow has the capacity to make the scheduled payments under the terms of the loan, based on the borrower's current and expected income, current obligations, employment status, and other relevant financial resources, the lender effectively counting on its ability to seize the borrower's equity in the collateral to satisfy the obligation and to recover the typically high fees associated with such credit. Not surprisingly, such credits experience foreclosure rates higher than the norm.

    Such disregard of basic principles of loan underwriting lies at the heart of predatory lending...."

22. On or about June 30, 2006, NASCIMENTO deeded the subject property to her brother and sister-in-law, Josias da Vitoria, Jr. and Tatyana C. da Vitoria, and to herself as Joint Tenants. The reason for said transfer was that NASCIMENTO desired to make the Subject Property the home for her entire family.

23. NASCIMENTO made timely monthly mortgage payments to the Defendant, WMC MORTGAGE CORP., through September 2008 when the Adjustable Mortgage Rate increased to an additional $700 per month. As a result of said increase, and as a result of loosing her employment, NASCIMENTO, was unable to make her monthly mortgage payments.

24. On or about October 5, 2008, the Defendant, WMC MORTGAGE CORP., assigned said mortgages from NASCIMENTO to the Defendant, WELLS FARGO BANK, N.A.

25. In or about November, 2008, WELLS FARGO BANK, N.A., through its authorized representative and agent, began a series of harassing and annoying telephone calls to NASCIMENTO, demanding repayment of an alleged debt.

26. On one specific occasion, NASCIMENTO was home with her ailing and crying infant daughter when she was contacted by an authorized representative and agent of WELLS FARGO BANK, N.A.. NASCIMENTO explained that this was an

extremely inconvenient time and place with which to discuss this matter, and requested that she call him back at a later date and time.

27. Despite this request, the foregoing authorized representative and agent of WELLS FARGO BANK, N.A. persisted with his demands, refused to cease the discussion, and became increasingly more belligerent, insulting, harassing and annoying.

28. In particular, this authorized representative and agent of WELLS FARGO BANK, N.A. began hurling insulting remarks, threatened to pursue legal action, and further threatened to harm her credit rating.

29. The foregoing actions of WELLS FARGO, N.A. are in contravention the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 *et seq.* and other applicable laws, statues, ordinances and regulations.

### III.

### COUNTS OF THE COMPLAINT

### COUNT I

### IN BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

30. The Plaintiff, NASCIMENTO reiterates and restates paragraphs one (1) through twenty-nine (29) above of the Complaint, and does hereby incorporate said paragraphs by reference, as if the same were specifically, separately and fully set forth herein.

31. The Defendants owed to NASCIMENTO, a duty of utmost good faith and fair dealing, and thereby was obligated to consider the welfare of NASCIMENTO, refrain from acting for purely selfish motives or private gain, and desist from destroying or injuring the rights of the party.

32. Through its actions and inactions, Defendants breached their duty of good faith and fair dealing to NASCIMENTO, intentionally engaged in wrongful conduct and acts of self-help, and did knowingly make false representations of fact designed to injure or otherwise harm NASCIMENTO'S rights and interests.

33. In consequence of the foregoing, NASCIMENTO sustained damages and losses; has suffered great financial losses and incurred considerable expenses; and has otherwise been greatly damaged.

### COUNT II

### IN BREACH OF CONTRACT

34. The Plaintiff, NASCIMENTO reiterates and restates paragraphs one (1) through thirty-three (33) above of the Complaint, and does hereby incorporate said paragraphs by reference, as if the same were specifically, separately and fully set forth herein.

35. Implicit in its contractual relationship between NASCIMENTO and the Defendants was that the Defendants would not engage in unfair and deceitful conduct, and would not violate 940 C.M.R. §8.06 (6), 12 U.S.C. §260.2617 and the Fair Debt Collection Practices Act.

36. By virtue of engaging in the foregoing conduct, the Defendants have breached its agreement with NASCIMENTO.

37. In consequences of the foregoing breaches, NASCIMENTO has suffered damages and losses.

## COUNT III

### NEGLIGENCE

38. The Plaintiff, NASCIMENTO reiterates and restates paragraphs one (1) through thirty-seven (37) above of the Complaint, and does hereby incorporate said paragraphs by reference, as if the same were specifically, separately and fully set forth herein.

39. Defendants owed to NASCIMENTO a duty of care to engage in fair lending practices and fair debt collection practices, and, in particular, to engage in practices that at a minimum conform to the mandates set forth in 940 C.M.R. §8.06 (6), 12 U.S.C. §260,2617 and the Fair Debt Collection Practices Act.

40. Defendants have breached their standard of care, and were otherwise negligent or careless in obtaining the subject loan, providing the subject loan and in its debt collection practices.

41. In consequence of the foregoing negligence of the Defendants, NASCIMENTO has suffered damages and losses.

## COUNT IV

### IN HARASSMENT & ABUSE

42. The Plaintiff, NASCIMENTO reiterates and restates paragraphs one (1) through forty-one (41) above of the Complaint, and does hereby incorporate said paragraphs by reference, as if the same were specifically, separately and fully set forth herein.

43. The actions of WELLS FARGO BANK, N.A. were intended to, and in fact did, harass and abuse NASCIMENTO.

44. In consequence of the foregoing, NASCIMENTO sustained damages and losses; has suffered great financial losses and incurred considerable expenses; and has otherwise been greatly damaged.

## COUNT V

### IN VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

45. The Plaintiff, NASCIMENTO reiterates and restates paragraphs one (1) through forty-four (44) above of the Complaint, and does hereby incorporate said paragraphs by reference, as if the same were specifically, separately and fully set forth herein.

46. The actions of WELLS FARGO BANK, N.A. are in contravention of the Fair Debt Collections Practices Act.

47. In consequence of the foregoing, WELLS FARGO BANK, N.A. sustained damages and losses; has suffered great financial losses and incurred considerable expenses; and has otherwise been greatly damaged.

## COUNT VI

### IN VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 183C §4 PREDATORY HOME LOAN PRACTICES

48. The Plaintiff, NASCIMENTO reiterates and restates paragraphs one (1) through forty-seven (47) above of the Complaint, and does hereby incorporate said paragraphs by reference, as if the same were specifically, separately and fully set forth herein.

49. The Defendants are engaged in lending as defined by Massachusetts General Laws, Chapter 183.

50. The foregoing transactions, actions and inactions of the said Defendants, constitute unfair and deceptive acts and practices as defined by, and in violation of, Massachusetts General Laws, Chapter 183, §4.

51. In consequence of Defendants' unfair and deceptive acts, NASCIMENTO has sustained damages and losses; has suffered great financial losses and incurred considerable expenses; and have otherwise been greatly damaged.

## COUNT VII

## IN VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A
## UNFAIR AND DECEPTIVE BUSINESS PRACTICES

52. The Plaintiff, NASCIMENTO reiterates and restates paragraphs one (1) through fifty-one (51) above of the Complaint, and does hereby incorporate said paragraphs by reference, as if the same were specifically, separately and fully set forth herein.

53. The Defendants are engaged in Trade and Commerce as defined by Massachusetts General Laws, Chapter 93A §.1.

54. The foregoing transactions, actions and inactions of the said Defendants, constitute unfair and deceptive acts and practices as defined by, and in violation of, Massachusetts General Laws, Chapter 93A § 9.

55. In consequence of Defendants' unfair and deceptive acts, NASCIMENTO has sustained damages and losses; has suffered great financial losses and incurred considerable expenses; and have otherwise been greatly damaged.

### DEMAND FOR TRIAL BY JURY

**THE PLAINTIFF DEMANDS A TRIAL BY JURY UPON EACH AND EVERY COUNT IN THE COMPLAINT, AND ALL TRIABLE ISSUES IN THIS CIVIL ACTION.**

**WHEREFORE**, and for said damages, the Plaintiff demands:

1. That the monetary damages and losses sustained by the said Plaintiff in consequence of the foregoing actions of the said Defendants be determined and assessed; and that judgment be entered for the Plaintiff, along with interest, costs, and attorneys fees against each Defendant, jointly and severally;

2. Order that the Defendants and their agents, servants, employees, attorneys, nominees and assignees: (a) are restrained from causing or permitting the stripping, impairment, sale transfer, assignment, encumbering, removal, concealment, foreclosure or any other disposition of the Subject Property; and (b) refrained from contacting the Plaintiff directly.

3. That the monetary damages and losses sustained by the Plaintiff, in consequence of the foregoing actions of the said Defendants, be determined and assessed; and that in accordance with Chapter 93A of the General Laws for the Commonwealth of Massachusetts, judgment in the amount of three times said damages be entered for the Plaintiff, along with interest, costs, and attorneys fees;

4. Award such damages and losses to the Plaintiff together with costs, interest, and reasonable attorneys' fees,

5. Assess punitive damages against the Defendants; and

6. Grant further judgment and/or relief that this Honorable Court shall determine to be fair and just.

## VERIFICATION

I, STELLA M. NASCIMENTO, do herewith verify that I have read the above complaint and have personal knowledge of the facts stated therein are true to the best of my knowledge.

Signed under the pains and penalties of perjury this 8th day of July 2009,

_____
STELLA M. NASCIMENTO

Respectfully submitted,
STELLA M. NASCIMENTO
By her Attorney,

DATED: July 8, 2009

_____
RICCARDO L. RULLO, ESQUIRE, BBO # 667955
LAW OFFICES OF FRANK N. DARDENO, LLP
424 Broadway
Somerville, Massachusetts 02145
Telephone: (617) 666-2600; Facsimile: (617) 666-2794

FROM : US FISCAL                    FAX NO. :6174910400              Jun. 18 2009 04:28PM  P2

Form **1040**  Department of the Treasury — Internal Revenue Service
**U.S. Individual Income Tax Return** **2007**   IRS Use Only – Do not write or staple in this space.

For the year Jan 1 - Dec 31, 2007, or other tax year beginning _____, 2007, ending _____, 20___   OMB No. 1545-0074

**Label** (See instructions.)

Your first name: JUBERT   MI: ___   Last name: DO NASCIMENTO

Your social security number: /

If a joint return, spouse's first name: STELLA   MI: M   Last name: NASCIMENTO

Spouse's social security number:

**Use the IRS label. Otherwise, please print or type.**

Home address (number and street). If you have a P.O. box, see instructions.   Apartment no.
57 LINDEN AVE

City, town or post office. If you have a foreign address, see instructions.   State: MA   ZIP code: 02148
MALDEN

▲ You must enter your social security number(s) above. ▲

Checking a box below will not change your tax or refund.

**Presidential Election Campaign** ► Check here if you, or your spouse if filing jointly, want $3 to go to this fund? (see instructions) ..... ☐ You  ☐ Spouse

**Filing Status**  Check only one box.
1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above & full name here ►
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ►
5 ☐ Qualifying widow(er) with dependent child (see instructions)

**Exemptions**
6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a ..............
 b ☒ Spouse ..........

Boxes checked on 6a and 6b: 2
No. of children on 6c who:
• lived with you: 1
• did not live with you due to divorce or separation (see instrs)
Dependents on 6c not entered above
Add numbers on lines above ► 3

c Dependents:
| (1) First name  Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ If qualifying child for child tax credit (see instrs) |
|---|---|---|---|
| DEBORAH V DO NASCIMENTO | | Daughter | ☒ |

If more than four dependents, see instructions.

d Total number of exemptions claimed ..................

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| Line | Description | Amount |
|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | |
| 8a | Taxable interest. Attach Schedule B if required | |
| 8b | Tax-exempt interest. Do not include on line 8a | |
| 9a | Ordinary dividends. Attach Schedule B if required | |
| 9b | Qualified dividends (see instrs) | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see instructions) | |
| 11 | Alimony received | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 16,366. |
| 13 | Capital gain or (loss). Att Sch D if reqd. If not reqd, ck here ► ☐ | |
| 14 | Other gains or (losses). Attach Form 4797 | |
| 15a | IRA distributions ____  b Taxable amount (see instrs) | |
| 16a | Pensions and annuities ____  b Taxable amount (see instrs) | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | |
| 18 | Farm income or (loss). Attach Schedule F | |
| 19 | Unemployment compensation | |
| 20a | Social security benefits ____  b Taxable amount (see instrs) | |
| 21 | Other income _____ | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income. ► | 16,366. |

**Adjusted Gross Income**

| Line | Description | Amount |
|---|---|---|
| 23 | Educator expenses (see instructions) | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | |
| 25 | Health savings account deduction. Attach Form 8889 | |
| 26 | Moving expenses. Attach Form 3903 | |
| 27 | One-half of self-employment tax. Attach Schedule SE | 1,156. |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | |
| 29 | Self-employed health insurance deduction (see instructions) | |
| 30 | Penalty on early withdrawal of savings | |
| 31a | Alimony paid  b Recipient's SSN ► | |
| 32 | IRA deduction (see instructions) | |
| 33 | Student loan interest deduction (see instructions) | |
| 34 | Tuition and fees deduction. Attach Form 8917 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | |
| 36 | Add lines 23 - 31a and 32 - 35 | 1,156. |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income ► | 15,210. |